# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD HORA,<br><br>      Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, et al.,<br><br>      Defendants. | Case No.  2:09-cv-02267-GMN-PAL<br><br>**REPORT OF FINDINGS AND<br>RECOMMENDATION** |

This matter is before the court on Plaintiffs Donald and Elena Hora's failure to comply with this court's Order (Dkt. #37) and Order to Show Cause (Dkt. #38).  On October 8, 2010, the court granted attorney Marilee A. Ryan's motion to withdraw as counsel of record and gave Plaintiffs until November 2, 2010, in which to retain counsel or file a notice with the court that they would be appearing in this matter *pro se*.  *See* Order, Dkt. 37.  The Order directed the Clerk of the Court to serve Plaintiffs with a copy of the order at their last known address provided by their former counsel and advised Plaintiffs that their failure to timely comply with the order could result in a recommendation to the District Judge that case-dispositive sanctions be imposed.  Plaintiffs failed to either retain counsel or file a notice with the court that they will be appearing in this matter *pro se* and did not request an extension of time in which to comply with the court's Order.

On November 23, 2010, the court entered an Order to Show Cause (Dkt. #38) based on Plaintiffs' failure to comply with the court's previous Order (Dkt. #37).  The court directed Plaintiffs to show cause in writing no later than December 1, 2010, why they had not complied with the court's Order (Dkt. #37).  Plaintiffs have failed to file a response to the Order to Show Cause (Dkt. #38), and they have not requested an extension of time in which to do so.

/ / /

Plaintiffs' willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because Plaintiffs have wilfully refused to comply with multiple court Orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED if Plaintiffs do not retain counsel who shall file a notice of appearance in accordance with the Local Rules or file a notice they will proceed *pro se* on or before **January 3, 2011.**

Dated this 17th day of December, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

#### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.